**Affirm; Opinion Filed December 20, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00738-CR**
**No. 05-20-00739-CR**

**JAMES WOOD LAWSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-57392-M and F17-57393-M**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Pedersen, III

Appellant James Wood Lawson was indicted for the offense of evading arrest

(Trial Court Cause No. F17-57392-M), and the offense of possession of a controlled

substance (cocaine) in an amount less than one gram (Trial Court Cause No. F17-

57393-M). Both indictments included one enhancement paragraph alleging a prior

conviction for the felony offense of aggravated robbery with a deadly weapon.

Lawson pleaded guilty to both offenses, and true to the enhancement paragraph, and

was placed on deferred adjudication for five years in each case. The State

subsequently moved to revoke and proceed with an adjudication of guilt based on

grounds appellant violated certain terms of his community supervision. Appellant pleaded "not true" to the State's allegations. Following a hearing, the trial court found some of the allegations in the State's motions to be true, revoked appellant's community supervision, and sentenced him to five years in prison in each case.

Appellant's counsel has filed a motion to withdraw in both cases. The motions are supported by briefs in which counsel professionally and conscientiously examines the record and applicable law and concludes these appeals are frivolous and without merit.

Counsel certifies that he provided appellant with a copy of the briefs and the motions to withdraw. The briefs meet the requirements of *Anders v. California*, 386 U.S. 738 (1967). The briefs present a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*); *see also Arevalos v. State*, 606 S.W.3d 912, 915–16 (Tex. App.—Dallas 2020, no pet.). The State filed letter briefs stating that it agrees with counsel's assessment. We advised appellant by letter of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel).

We have reviewed the record and counsel's briefs. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in

*Anders* cases). We agree the appeals are frivolous and without merit, and we find nothing in the record before us that might arguably support the appeals.

Although not arguable issues, the State contends there are clerical errors in both of the judgments adjudicating guilt. In cause number F17-57392-M, the judgment adjudicating guilt states that the "Degree of Offense" is a state jail felony. The State contends that because the offense of evading arrest was enhanced with one prior conviction,[1] the judgment should show that the "Degree of Offense" is a third degree felony, not a state jail felony.

With respect to the judgment adjudicating guilt in cause number F17-57393-M, the State contends that the "Offense for which Defendant Convicted" should reflect that the possession of cocaine offense was enhanced. Further, because the offense was enhanced with one prior conviction, the judgment should reflect that the "Degree of Offense" was a third degree felony, not a state jail felony.

We agree with the State in part. Based on the record, we conclude that both judgment forms correctly designate the "Degree of Offense" as a state jail felony. However, because both of the state jail felonies were enhanced with a prior felony conviction, they are punishable as third degree felonies. In cause number F17-57392-M, evading arrest or detention is a Class A misdemeanor except when, as

---

[1] The record establishes that the trial court found the enhancement paragraph in each case to be true during the sentencing hearing conducted on May 29, 2018. In addition, the orders of deferred adjudication for both cases reflect that appellant pleaded true to the enhancement paragraph, and the trial court found the enhancement paragraph to be true.

–3–

here, the appellant had been previously convicted of evading arrest or detention, in which case the offense becomes a state jail felony. *See* TEX. PENAL CODE ANN. § 38.04(b). In addition, appellant had a prior felony conviction. Thus, under penal code section 12.35(c)(2), appellant "shall be punished for a third degree felony." *Id*. at § 12.35(c)(2). With respect to cause number F17-57393-M, possession of less than one gram of cocaine is a state jail felony. *See* TEX. HEALTH & SAFETY CODE § 481.115(b). This offense was also enhanced by a prior felony conviction, and is thus punishable as a third degree felony. *See* PENAL § 12.35(c)(2). The record establishes that appellant was punished within the applicable punishment range for a third degree felony, and we have no indication that the errors were the result of judicial reasoning. *See Garza v. State*, 298 S.W.3d 837, 845 (Tex. App.—Amarillo 2009, no pet.) (appellate court reformed judgment to modify notation that appellant was convicted of third degree felony to correctly note that appellant was convicted of aggravated state jail felony punishable as third degree felony); *see also Bonds v. State*, No. 02-19-00384-CR, 2021 WL 1229972, at *6 (Tex. App.—Fort Worth Apr. 1, 2021, pet. ref'd) (mem. op., not designated for publication) (judgment's statement that conviction was for second degree felony instead of enhanced first degree felony was clerical error).

When the record provides the necessary information to correct inaccuracies in the trial court's judgment, we have the authority to reform the judgment to speak the truth. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim.

–4–

App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, writ ref'd). Accordingly, with respect to cause number F17-57393-M, we revise the judgment to reflect that the "Offense for which Defendant Convicted"—possession of a controlled substance—was enhanced. With respect to both causes, we add "punished as third degree felony" in the "Degree of Offense" section of each judgment to clarify that the offenses are state jail felonies, punished as third degree felonies.

We grant counsel's motions to withdraw, and we affirm the trial court's judgments as modified.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

200738f.u05
200739f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES WOOD LAWSON,
Appellant

No. 05-20-00738-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F17-57392-M.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment designated "Degree of Offense" is modified to add the language, "punished as a third degree felony."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 20th day of December, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES WOOD LAWSON,
Appellant

No. 05-20-00739-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F17-57393-M.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment designated "Offense for which Defendant Convicted"—possession of a controlled substance—is modified to indicate that the offense was enhanced.

The section of the judgment designated "Degree of Offense" is modified to add the language, "punished as a third degree felony."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 20th day of December, 2021.